UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

EMMANUEL ALEXANDER ESTEVEZ,

       Petitioner,

  v.

D. MARIN et al.,

       Respondents.

Case No. 5:26-cv-02820-SB-DMK

ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Emmanuel Alexander Estevez, a citizen of El Salvador, filed a petition for a writ of habeas corpus and an application for a temporary restraining order (TRO) seeking his immediate release from immigration detention. The petition is dismissed, and the TRO application is denied as moot.

I.

Petitioner is a citizen of El Salvador who entered the United States in 2008. On October 22, 2025, Immigration and Customs Enforcement (ICE) officers arrested him at his workplace as part of a targeted law enforcement operation. The government represents—and Petitioner does not dispute—that Petitioner is the subject of an arrest warrant issued by the government of El Salvador for aggravated extortion and a terrorism-related offense. Dkt. No. 9-1. Upon his arrest, ICE served Petitioner with a notice to appear charging him as a noncitizen present in the United States without having been admitted or paroled, *see* 8 U.S.C. § 1182(a)(6)(A)(i), and detained him pending removal proceedings. Petitioner is currently detained at the Adelanto ICE Processing Center. He has a pending asylum application and is not subject to a final order of removal.

On January 21, 2026, an immigration judge (IJ) denied Petitioner's request for a custody redetermination, concluding that the immigration court lacked

1

jurisdiction over the request.  Dkt. No. 9-2.  Petitioner reserved his right to appeal that determination to the Board of Immigration Appeals (BIA) but does not state whether has done so.  On April 13, 2026, the IJ held an individualized bond hearing and denied bond, finding that Petitioner is a danger to the community and a flight risk.  Dkt. No. 9-3; *see also* Dkt. No. 9-4 (bond memorandum and addendum of law).

On May 26, 2026, proceeding pro se, Petitioner filed a petition for writ of habeas corpus and TRO application, seeking immediate release.  Dkt. Nos. 1, 2.  Petitioner argues that his detention violates his constitutional and statutory rights.  The government filed a combined response to the petition and the TRO application (Dkt. No. 9), and Petitioner filed a reply (Dkt. No. 10).

## II.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or laws or treaties of the United States").  Although 8 U.S.C. § 1226(e) limits judicial review of discretionary immigration custody determinations, it does not foreclose review of constitutional claims or questions of law.  *See Jennings v. Rodriguez*, 583 U.S. 281, 297–98 (2018).  The Court therefore addresses only those claims that fall within its jurisdiction.  As relevant here, Petitioner brings claims asserting violations of his substantive and procedural Fifth Amendment due process rights, as well as the Immigration and Nationality Act (INA) and its implementing regulations.  None warrants habeas relief.

1.  Petitioner first contends that his continued detention violates his substantive due process rights.  He relies principally on *Zadvydas v. Davis* to argue that his removal is not reasonably foreseeable and his detention therefore bears no reasonable relationship to the purposes of immigration detention.  *See* 533 U.S. 678, 701 (2001).  *Zadvydas* protections, however, apply only to noncitizens subject to a final removal order and detained under 8 U.S.C. § 1231.  *See id.* (holding that there are implicit constitutional limitations on the permissible length of post-removal-period detention under § 1231).  Petitioner does not claim that he is subject to a final removal order, and he does not dispute the government's contention that he is detained pursuant to 8 U.S.C. § 1226(a), not § 1231.  *See Avilez v. Garland*, 69 F.4th 525, 530, 537 (9th Cir. 2023) (explaining that § 1226

2

applies during the administrative and judicial review phases of removal proceedings, whereas § 1231(a) applies to detention after the entry of a final order of removal); 8 U.S.C. § 1226(a) (authorizing the discretionary detention of a noncitizen "pending a decision on whether the alien is to be removed from the United States"). Because Petitioner relies on inapplicable authority, this claim fails.

2. Petitioner also argues that he has not received an individualized determination of whether he poses a danger to the community or a flight risk. The record is to the contrary: the government attaches records of a custody redetermination and bond hearing Petitioner received, at which the government bore the burden of justifying his ongoing detention. Dkt. Nos. 9-2–4. To the extent Petitioner contests the outcome of those determinations, including the IJ's reliance on evidence from Petitioner's criminal proceedings in El Salvador, he has not shown that he appealed the determinations to the BIA, and has not explained why he should be excused from exhausting that remedy. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (a petitioner dissatisfied with an IJ's bond determination should exhaust administrative remedies by appealing to the BIA before seeking review in the district court). He also does not identify any authority in support of his argument that it is improper for the IJ to consider the foreign criminal proceedings when making a custody determination. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) ("An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations.").

3. Petitioner next argues that the government failed to provide him with notice or an opportunity to be heard before his arrest, in violation of his procedural due process rights. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). While the Supreme Court has held in the context of criminal parolees that an informal hearing is required before depriving an individual of liberty, *see Morrissey v. Brewer*, 408 U.S. 471, 484 (1972), the Ninth Circuit has made clear that procedural due process "can and must account for the heightened governmental interest in the immigration detention context," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). Even assuming a significant liberty interest, the government has a "strong interest" in enforcing the immigration laws. *Id.* at 1208. The petition fails to meaningfully address *Rodriguez Diaz* and the adequacy of the post-deprivation process available to Petitioner—including the notice to appear, custody determinations, and bond hearing he received. *See id.* at 1208 (noting court must consider "the process [petitioner] received during [detention]" and "the further

3

process that was available to him"). Thus, Petitioner fails to show that procedural due process required predeprivation notice and a hearing.

4. Petitioner's remaining claims rest on the premise that the government violated the INA and its implementing regulations when it revoked his order of supervision or parole because the decision "ran counter to the evidence" and failed to adequately consider his circumstances. Dkt. No. 1 at 23–26. As a threshold matter, it is unclear whether Petitioner was released under supervision or parole. *Compare* Dkt. No. 1 at 9 (stating that Petitioner has "no prior detention history"), *with id.* at 18–19 (referencing Petitioner's "supervised released [sic] on parole" and "revocation of his parole") *and id.* at 20 (describing that ICE "issued Petitioner an Order of Supervision"). Moreover, Petitioner does not identify any applicable statutory provisions or regulations or explain how they were purportedly violated.[1] To the extent he argues that the officer who arrested him lacked authority to do so, he offers no supporting evidence and otherwise fails to develop this argument.

\*     \*     \*

In sum, Petitioner has not demonstrated that he is in custody in violation of the Constitution or the laws of the United States. Accordingly, his petition for writ of habeas corpus is denied, and his TRO application is denied as moot. A separate judgment will issue.

Date: June 22, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] One of Petitioner's statutory claims references 8 U.S.C. § 1231. But that statute only applies to a noncitizen who is subject to a final order of removal. Dkt. No. 1 at 25; *Avilez*, 69 F.4th at 530, 537. Petitioner also argues that the government "violated agency instructions" in his "release notification" by not giving him an opportunity to prepare for an orderly departure. He does not, however, identify the "release notification" at issue or any authority establishing that the agency's instructions create enforceable obligations. Dkt. No. 1 at 26.